**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JESUS RODRIGUEZ HERNANDEZ, | ) | NO. ED CV 13-741-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on April 25, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on November 22, 2013. Plaintiff filed a motion for summary judgment on

...

November 22, 2013.  Defendant filed a motion for summary judgment on December 17, 2013.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; Minute Order, filed April 30, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since September 27, 2002, based on a work-related injury to his back, neck, and shoulder, and also asserts depression allegedly beginning in approximately June of 2008 (Administrative Record ("A.R.") 74-78, 94, 105).  Plaintiff testified to physical symptomatology of disabling severity (A.R. 341-43; see also A.R. 352).  Specifically, Plaintiff testified that he cannot bend down and cannot use his left hand beyond grabbing "light things" because of his left shoulder injury (A.R. 341).  Plaintiff testified he can sit for 15 minutes and lift 15 pounds with his right arm, but cannot lift as much as five pounds with his left arm (A.R. 342).  Plaintiff said he can stand with his cane for 30 minutes (A.R. 343).  Plaintiff reportedly needs his cane to help with pain to his left leg when walking (A.R. 343).  Plaintiff and his wife stated that Plaintiff engages in limited daily activities not inconsistent with Plaintiff's testimony.  See A.R. 114-29 (function reports).

An Administrative Law Judge ("ALJ") found Plaintiff has severe physical and psychological impairments, but the ALJ also found Plaintiff could perform a limited range of light work (A.R. 18-27 (adopting vocational expert's testimony at A.R. 350-51 that a person with the residual functional capacity the ALJ found to exist could

2

work)).  The ALJ deemed Plaintiff's contrary statements not credible (A.R. 20-21).  The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

**DISCUSSION**

**I.  The ALJ Materially Erred in Connection with the Issue of Plaintiff's Credibility.**

When an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v.

3

Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1] Generalized, conclusory findings do not suffice. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations and quotations omitted); Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); see also Social Security Ruling 96-7p.

In the present case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (A.R. 21). Under the above authorities, this finding mandated that the ALJ either accept Plaintiff's testimony regarding the severity of the symptoms or state "specific, cogent" findings, supported in the record, to justify discounting such testimony. The ALJ did neither. The ALJ did state a general

---

[1] In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" (A.R. 21). However, such a general conclusion does not satisfy the specific findings requirement. See Moisa v. Barnhart, 367 F.3d at 885; Holohan v. Massanari, 246 F.3d at 1208; Smolen v. Chater, 80 F.3d at 1284; see also Spytek v. Astrue, 2010 WL 3584549, at *5 (W.D. Wash. Aug. 12, 2010), adopted, 2010 WL 3584546 (W.D. Wash. Sept. 10, 2010) (ALJ erred by stating in a conclusory fashion that the claimant's "statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity finding," although the ALJ implied that the claimant's statements were "not substantiated by objective medical evidence").

Additionally, the ALJ's summary of Plaintiff's testimony was slightly inaccurate. Plaintiff testified that he can "grab things" with his left hand "but [only] very light things" and can sit for "15 minutes" (R.T. 341-42). Yet, the ALJ's summary of Plaintiff's testimony erroneously imputed to Plaintiff claims that Plaintiff "cannot use his left hand because he drops things" and "can sit for 5 to 15 minutes" (A.R. 20). These mischaracterizations of Plaintiff's testimony may have caused the ALJ to believe Plaintiff intentionally was exaggerating his limitations, or the mischaracterizations may otherwise have affected the ALJ's credibility determination. See Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (ALJ's inaccurate characterization of the evidence of record rendered

ALJ's credibility determination invalid).

Defendant attempts to glean "reasons" for discounting Plaintiff's testimony from the ALJ's summary of Plaintiff's reported daily activities and the ALJ's summary of the medical record. See Defendant's Motion at 7-8. The ALJ's decision does not specifically state that the "reasons" Defendant gleans from the ALJ's decision actually underpinned the ALJ's credibility determination. The ALJ's decision does not satisfy the specific findings requirement. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision); Coronado v. Astrue, 2011 WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where the reasons for the ALJ's credibility determination were uncertain, and the determination overlapped and blended with the ALJ's discussion of the medical record, remand was appropriate).

Whether accurate or inaccurate, the "reasons" gleaned by Defendant but not specifically and expressly stated by the ALJ as the reason(s) for the credibility determination cannot properly form the basis for a judicial affirmance of the credibility determination. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("Connett") (district court erred by relying on reasons for discounting claimant's testimony other than the reasons stated by the ALJ, even though the record supported the reasons on which the district court had relied);

Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Watts v. Astrue, 2012 WL 2577525, at *8-9 (E.D. Cal. July 3, 2012) (remand required where ALJ's decision discussed the evidence potentially bearing on the claimant's credibility, but "provide[d] no discussion how this evidence impacted the ALJ's view of Plaintiff's credibility").

Assuming, arguendo, the ALJ relied on the "reasons" Defendant cites, the ALJ's credibility analysis still would fail.  First, Plaintiff's reported ability to perform certain limited daily activities (i.e., pick up his children from school, walk daily for approximately 10-30 minutes, prepare frozen dinners and canned food 1-2 times a week, "wash laundry," (though his wife reportedly must put the laundry away), drive a car, use public transportation, shop in stores 1-2 times a week, pay bills, and get along with authority figures) does not necessarily mean that Plaintiff is able to work.  A claimant does not have to be completely incapacitated to be disabled. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("Vertigan") ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) ("Gallant") (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled due to constant back and leg

///

pain).[2]

Second, contrary to Defendant's apparent assertion, the ALJ's summary of the medical record could not in itself provide a legally sufficient basis for rejecting Plaintiff's credibility. See A.R. 21-26 (summary of medical record); see also Varney v. Secretary, 846 F.2d at 584; Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Burch v. Barnhart, 400 F.3d at 681 ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").[3]

///
///

---

[2] In Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) ("Burch"), the Ninth Circuit upheld an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew. In doing so, the Ninth Circuit did not purport to depart from the general rule that an ALJ may consider daily living activities in the credibility analysis only where "a claimant engages in numerous daily activities involving skills that could be transferred to the workplace." Id. at 681. Undeniably, however, it is difficult to reconcile the result in Burch from the results in cases like Vertigan and Gallant. Certainly, "the relevance of a claimant carrying on daily activities should be evaluated on a case-by-case basis." Bloch on Social Security § 3.37 (Jan. 2005). In the present case, in light of the seemingly conflicting Ninth Circuit case law as well as the ambiguity/lack of specificity in the ALJ's credibility analysis, this Court does not believe Burch compels affirmance.

[3] The ALJ mentioned that one examiner, Dr. David Kim, found that Plaintiff has "a tendency to exaggerate and embellish" based in part on an asserted discrepancy between the description of Plaintiff's injury to Dr. Kim and Plaintiff's initial description of the injury to Dr. Azar (A.R. 22 (citing A.R. 136-37 (Dr. Kim's report)). However, the record does not contain Dr. Azar's report reflecting Plaintiff's initial description of the injury to Dr. Azar. See A.R. 3 (list of medical records).

**II.  Remand is Appropriate.**

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett, 340 F.3d at 876 (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (appearing, confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

///
///
///
///
///
///
///

**CONCLUSION**[4]

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 15, 2014.

            /s/
    _____
        CHARLES F. EICK
    UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.